UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § |  |
|---|---|---|
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CRIMINAL ACTION NO. 2:05-220-1 |
|  | § |  |
| CESAR DANIEL ACOSTA, | § |  |
| Defendant. | § |  |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Daniel Acosta's ("Acosta") motion for sentence reduction pursuant to 18 U.S.C. § 3582 (Dkt. No. 53) and motion for appointment of counsel (Dkt. No. 52).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2005, Acosta pled guilty to possession with intent to distribute approximately 310 grams of cocaine base, also known as crack cocaine. (Dkt. No. 24.) Shortly before rearraignment, the Government filed an Information of Prior Conviction notifying Acosta and the Court that it sought to enhance Acosta's sentence to the statutory minimum penalty of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A).[1] (Dkt. No. 23.) The Government thereafter made a motion for a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on Acosta's substantial assistance. (Minute Entry, Dkt. No. 34.) The Court granted the Government's motion and sentenced Acosta to 210 months rather than the 240-month term called for by the statutory minimum. (Dkt. No. 38.) Judgment was entered on August 31, 2005. (*Id.*) Acosta did not appeal.

---

1. "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. 841(b)(1)(A).

1

In his present motion, Acosta moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and the Fair Sentencing Act of 2010.

## II. LEGAL STANDARD

As the Supreme Court recently has held, the scope of a proceeding under 18 U.S.C. §3582(c)(2) is extremely limited. *Dillon v. United States*, 560 U.S. 817, 819 (2010). It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." *Id.* However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2) (emphasis added); *see also Freeman v. United States*, —U.S. —, 131 S.Ct. 2685, 2690–91 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 131 S.Ct. at 2690–91.

Effective November 1, 2007, the United States Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenses. *See* U.S.S.G. app. C, amend. 706, at 226–31 (amending U.S.S.G. § 2D1.1(c)); U.S.S.G. app. C, amend. 713, at 253 (making Amendment 706 retroactively applicable). Then, "in 2011, after Congress passed the Fair Sentencing Act, the Sentencing Commission adopted Amendment 750, making permanent Amendment 748, which put into place a new framework for calculating crack sentences." *United States v. Johnson*, 2012 WL 2423939, *2 (5th Cir. 2012); *see* U.S.S.G. app. C, amend. 750, at 391–98 (amending U.S.S.G. § 1B1.10). "Amendment 750 (parts A and C only)" apply retroactively. U.S.S.G. § 1B1.10(c) (listing those Guideline amendments that may be applied retroactively); *see also United States v. Robinson*, 2012 WL 2302369, *1 (5th Cir. 2012).

"In determining whether to modify the defendant's sentence, the district court is first required to find the amended guideline range that would have been applicable to the defendant if

2

the relevant amendment had been in effect at the time of the initial sentencing." *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). However, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A) (parenthetical in original).

### III. ANALYSIS

It is undisputed that if the terms of Amendment 706 or 750 had applied in 2005, Acosta's base offense level would have been lower, and his guideline range would have been lower as well. However, Acosta's sentence was not based on a guideline range determined by the amount of crack cocaine he possessed; instead, his sentence was based on the statutory minimum of 240 months due to his prior felony conviction for possession with intent to distribute crack cocaine in Case No. 2:00-CR-84 (S.D. Tex. Mar. 1, 2001), then reduced by 30 months due to his substantial assistance.

Citing the D.C. Circuit's recent opinion in *In re Sealed Case*, 722 F.3d 361 (D.C. Cir. 2013), Acosta argues that he may still be entitled to relief under § 3582(c)(2) because he was not actually sentenced to the minimum mandatory. In *In re Sealed Case*, the court held that "a crack offender sentenced below an otherwise applicable statutory minimum because he provided substantial assistance to law enforcement is eligible for a sentence reduction under § 3582(c)(2)." *Id.* at 363.

Unfortunately for Acosta, the Fifth Circuit has not adopted the same approach. Instead, the Fifth Circuit has held that when a defendant is subject to a statutory minimum sentence, 18 U.S.C. § 3582(c)(2) does not grant the district court the authority to later modify the sentence

based on amendments to the guideline range, even if the district court previously departed downwardly from the statutory minimum due to substantial assistance. *United States v. Carter*, 595 F.3d 575, 580 (5th Cir. 2010); *see also United States v. Collins*, 539 Fed. App'x 470, 471 (citing *Carter* and denying defendant's motion to reduce sentence under Amendment 750 because defendant could present no statutory authority by which his sentence could be further reduced below the statutory minimum).

Because this Court is bound to follow the Fifth Circuit's holding in *Carter*, it has no authority to resentence Acosta under 18 U.S.C. §3582(c)(2).

## IV. CONCLUSION

For the aforementioned reasons, Acosta's motion for sentence reduction pursuant to 18 U.S.C. § 3582 (Dkt. No. 53) is **DENIED**. His motion for appointment of counsel (Dkt. No. 52) is further **DENIED** as moot.

It is so **ORDERED**.

**SIGNED** this 29th day of October, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE